IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| KATHY LASKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 05-53-BU-RWA |
| v. ) | |
| ) | FINDINGS AND RECOMMENDATION |
| CITY and COUNTY OF BUTTE-SILVER ) | OF U.S. MAGISTRATE JUDGE |
| BOW, JOHN WALSH, JUDITH JACOBSEN, ) | AND ORDER |
| and TIM CLARK, as individuals and ) | |
| in their official capabilities, ) | |
| ) | |
| Defendants. ) | |

_____

Pending before the Court is Plaintiff's Motion for Court Default Judgment. Plaintiff seeks entry of a default judgment against Defendant John Walsh, based on his failure to appear in this matter.  Previously, in response to a show cause Order under Rule 4(m), Fed.R.Civ.P., Plaintiff described to the Court her efforts to obtain service of process on Mr. Walsh.  Without offering an advisory opinion as to whether these attempts were sufficient under the Federal Rules of Civil Procedure, the Court gave Plaintiff the option of either standing on the service already made, or re-serving Mr. Walsh in accordance with the Rules.  *See* Ord. dated March 7, 2006. Plaintiff has elected the former, and now seeks entry of a default judgment against Mr. Walsh.

The issue of the sufficiency of Plaintiff's efforts to serve Mr. Walsh is now squarely before the Court.  Review of the record shows that Plaintiff has not served Mr. Walsh with process in any manner authorized by Rule 4(e)(2), Fed.R.Civ.P., or Rule 4D(2)(a),

Mont.R.Civ.P., which is applicable by means of Rule 4(e)(1), Fed.R.Civ.P.  Specifically, Mr. Walsh has not been personally served with a copy of the Complaint, nor has a copy been left at his "dwelling house or usual place of abode," and nor has Plaintiff shown that the person upon whom the Complaint actually *was* served was "an agent authorized by appointment or by law to receive service of process."  For those reasons, and for the equally fundamental reason that no default has yet been entered as required by Rule 55(a), Fed.R.Civ.P., Plaintiff's motion for entry of a default judgment must be denied.

The Court has now come full circle and is once again at a point where it must consider the requirements of Rule 4(m), Fed.R.Civ.P..  Having done so, the Court recommends that Plaintiff be given an additional two weeks to properly obtain service of process on Mr. Walsh in a manner authorized by Rule 4(e), Fed.R.Civ.P., knowing that failure to do so shall result in dismissal of Mr. Walsh from this action.

## RECOMMENDATION

For the foregoing reasons, and pursuant to 28 U.S.C. § 636 (b)(1)(B), the undersigned recommends that the District Court DENY Plaintiffs' Motion for Court Default Judgment (Doc. # 17), and give Plaintiff two weeks to obtain proper service of process over Defendant John Walsh.

The parties shall have ten days from the date of service of these Findings and Recommendation in which to file objections pursuant to 28 U.S.C. § 636 (b)(1) and Rule 72(b), Fed.R.Civ. P..

The Clerk is directed to forthwith notify counsel of record of the making of this Order.

Done and dated this <u>17th</u> day of July, 2006.

<u>/s/ Richard W. Anderson</u>
Richard W. Anderson
United States Magistrate Judge